# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLIAM M. HICKS, JR.,**

                    **Plaintiff,**

-vs-                                                    **Case No.  6:06-cv-1622-Orl-19JGG**

**USDA R. HOUSING,**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 6)** |
| **FILED:** | **November 7, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the case be **DISMISSED** as frivolous.

## I.    INTRODUCTION

*Pro se* plaintiff, William M. Hicks, filed his complaint and application to proceed without prepayment of fees on October 17, 2006.  The application to proceed without prepayment of fees was incomplete and contained no signature.

The complaint is difficult to comprehend.  Although it is signed by Hicks, the alleged wrongs are to "the family," the members of which are unidentified.  Presumably, Hicks is one of the family members.  It alleges that the USDA has misled the Court regarding the family's failure to make certain

loan payments.  Hicks alleges that these loan payments were required as part of an unnamed subsidy program in which the family participated.  The complaint also alleges that the USDA "fired all the workers who agree to put the subsidy on hold and at the end."  Lastly, the complaint alleges that the USDA unilaterally changed the family's loan from an "FM HA R Housing Loan" to a conventional loan without the family's consent, which allegedly violated the Fourteenth Amendment "with out [sic] a referendum."  The complaint does not state what relief is requested.

On October 18, 2006, the Court denied without prejudice Hicks's motion to proceed *in forma pauperis*.  Docket 5.  The Court's order set forth the problems with the motion to proceed *in forma pauperis* and why the complaint failed to state a cause of action.  *Id*.  Rather than recommend dismissal at that time, the Court gave Hicks the opportunity to amend his complaint and to file a complete Affidavit of Indigency.  Hicks was given until November 14, 2006, to file an "Amended Complaint."  The Court warned Hicks that "failure to file an amended complaint by the deadline will result in the Court's recommending that the case be dismissed without any further notice to Hicks." *Id*.

On November 7, 2006, Hicks filed another motion to proceed *in forma pauperis*.  Docket 6. Hicks, however, has not filed an amended complaint as directed by the Court.  The Court, therefore, recommends that Hicks's motion to proceed *in forma pauperis* be denied and that the complaint be dismissed as frivolous.

II.     **THE LAW**

A.      **The Statute and Local Rules**

The United States Congress has required that the district court review[1] a civil complaint filed

*in forma pauperis*, and shall dismiss a complaint that is frivolous, malicious, or fails to state a claim.

*See* 28 U.S.C. § 1915.  The mandatory language applies to all proceedings *in forma pauperis*.  The

statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have
> been paid, the court shall dismiss the case at any time if the court
> determines that --
> > (A)  the allegation of poverty is untrue; or
> > (B)  the action or appeal —
> > > (i)  is frivolous or malicious;
> > > (ii)  fails to state a claim on which relief
> > > > may be granted; or
> > > (iii)  seeks monetary relief against a
> > > > defendant who is immune from
> > > > such relief.

28 U.S.C. § 1915 (e)(2)(2003).

The Local Rules of the United States District Court for the Middle District of Florida also

govern proceedings *in forma pauperis*.  *See* Local Rule 4.07.  Pursuant to Local Rule 4.07 (a), the

Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*.

Local Rule 4.07 (a).  The district court assigns to United States Magistrate Judges the supervision and

determination of all civil pretrial proceedings and motions.  Local Rule 6.01 (c)(18).  With respect to

any involuntary dismissal or other final order that would be appealable if entered by a district judge,

the United States Magistrate Judge may make recommendations to the district judge.  *Id.* The Court

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints.  Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

may dismiss the case if satisfied that the action is frivolous or malicious under 28 U.S.C. § 1915, or may enter such other orders as shall seem appropriate.  Local Rule 4.07 (a).

**B.      Discretion Under 28 U.S.C. § 1915**

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[2] *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).  The pauper's affidavit should not be a broad highway into the federal courts.  *Phillips*, 746 F.2d at 785;  *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975).  Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit.  *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

**C.      Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(i)**

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight.  *Clark,* 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong.  *Id.*  A district court should order a § 1915 dismissal only when a claim lacks an arguable basis in law.  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

---

[2]At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion because it requires the district court to dismiss a case if it determines that the action or appeal is frivolous, malicious, or fails to state a claim under 28 U.S.C. § 1915 (e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

1.    Frivolous Factual Allegations

Factual allegations are frivolous for the purpose of § 1915 when they are "clearly baseless."

*Denton v. Hernandez*, 504 U.S. 25, 32 -33 (1992), citing *Neitzke v. Williams*, 490 U.S. 319, 325-28

(1989).  The district court may dismiss even meritorious legal theories under § 1915 if the factual

allegations in the complaint are "clearly baseless."   *Denton*, 504 U.S. at 32 - 33.  "Fantastic" or

"delusional" allegations are examples of clearly baseless allegations.  *Id*.  Also, factual allegations in

the complaint may be "clearly baseless" if they are contradicted by other allegations in the complaint.

*Battle v. Central State Hospital*, 898 F.2d 126, 130 n.3 (11th Cir. 1990), *aff'd without opinion after

remand*, 114 F.3d 1200 (11th Cir. 1997).

Unsupported conclusory factual allegations also may be "clearly baseless."  For example, a

district court may properly dismiss a § 1983 complaint as frivolous pursuant to § 1915 where the

complaint makes no particularized showing -- and provides no supporting operative facts -- in support

of the naked assertion of a conspiracy between a state judge and private defendants.  *Phillips v.

Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (insufficient state nexus under § 1983 without

conspiracy); *accord, Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983).   In

*Phillips*, the Court of Appeals reasoned that the *in forma pauperis* plaintiff must provide an adequate

basis for believing that such a conspiracy existed before the district court is required to compel the

defendants to answer.  *Phillips*, 746 F.2d at 785.  This is necessary to protect the courts, state officials,

and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic

incentive to refrain from filing them.  *Phillips*, 746 F.2d at 785 *citing Cruz v. Beto*, 405 U.S. 319, 326

- 27 (1972); *accord, Denton*, 504 U.S. at 33.

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639; *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990). To do otherwise -- i.e., to allow for *sua sponte* dismissal of in forma pauperis cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990). If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim. *Phillips*, 746 F.2d at 785.

2.   <u>Frivolous Legal Theories</u>

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 I/S/ at 329; *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990). Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

-6-

The district court may dismiss a complaint under § 1915 even if it states a claim for relief.[3] *Clark,* 915 F.2d at 639-40; *Jones v. Bales*, 58 F.R.D. 453, 463-64 (N.D. Ga. 1972), *aff'd for reasons stated in district court order*, 480 U.S. 805 (5th Cir. 1973); *see also Neitzke*, 490 U.S. at 326 - 29 (Rule 12 (b)(6) and former section 1915 (d) serve distinctive goals).  It is an abuse of discretion, however, to conclude that an *in forma pauperis* case is frivolous -- realistically has no better than a slight chance of success -- because of weaknesses on the face of the complaint as long as the complaint presents an arguable basis in law and fact.  A complaint which states a claim for the purposes of Rule 12 (b)(6) -- that is, one clearly having a basis in law -- may still be frivolous if it lacks an arguable basis in fact, for example, asserting fantastic facts.  *Clark*, 915 F.2d at 639.

Even if the complaint legally states a claim, and the facts are not fantastic, a district court may nevertheless dismiss on grounds of frivolousness.  For example, a §1915 dismissal is appropriate if an affirmative defense would defeat the action.  *Clark*, 915 F.2d at 640.  Also, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous.  *See id.; Fuller v. Ga. State Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (parole board members entitled to absolute quasi-judicial immunity from suit for damages); *Patterson v. Aiken*, 628 F.Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd without opinion*, 784 F.2d 403 (11th Cir. 1986) (*in forma pauperis* complaint against federal district judges dismissed as frivolous because of absolute immunity); *Kimble v. Beckner*, 806 F.2d 1256, 1257 (5th Cir. 1986) (*in forma pauperis* suit against judge, prosecutor, and

---

[3]The analysis for  a dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii) is somewhat different from the analysis for a dismissal as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i).  The language of  § 1915 (e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12 (b)(6), so the courts view the allegations in the complaint as true when assessing failure to state a claim under § 1915 (e)(2)(B)(ii).  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  A judge performing an examination for frivolity under § 1915 (e)(2)(B)(i), however, is not required to assume the truth of the allegations.  *See Cofield v. Alabama Public Service Commission*, 936 F.2d 512, 515 (11th Cir. 1991).

witnesses dismissed based on immunity given judicial officers); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir. 1981); *Franklin v. State of Oregon*, 563 F.Supp. 1310, 1324, 1332-33 (D. Ore. 1983), *aff'd in part and rev'd in part,* 745 F.2d 1221 (9th Cir. 1984). Res judicata and collateral estoppel are other affirmative defenses which justify dismissal of a claim as frivolous. See *Patterson*, 628 F.Supp. at 1076; *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (complaint dismissed because it reasserts allegations litigated in previous suit), *cert. denied,* 493 U.S. 969 (1989). The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous. *See Franklin*, 563 F.Supp. at 1330, 1332. When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading. *Clark*, 915 F.2d at 640.

If an action seeks only money damages, and the Court knows that the defendant is judgment proof, a § 1915 dismissal might be appropriate. *Clark*, 915 F.2d at 641. If others had recently litigated an identical claim unsuccessfully, the district court may enter a § 1915 dismissal. It is possible that the district court may use § 1915 to bar suit where alternative remedies exist, even if these remedies might not ordinarily have to be exhausted to state a claim. *Id.* If a plaintiff has a long history of bringing unmeritorious litigation, the district court can consider that fact in deciding to dismiss a questionable claim. *See Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *Wilson*, 878 F.2d at 849; *Franklin*, 563 F.Supp. at 1324.

## III.    APPLICATION

The District Court is a court of limited jurisdiction. U.S. Const., art. III, § 2. Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it

considers the merits of a case. *Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court must inquire into its subject-matter jurisdiction on its own initiative. *Id.*

In this case, Hicks does not plead the basis for this Court's jurisdiction as required by Fed. R. Civ. P. 8(a). To the extent the complaint alleges a breach of the loan agreement, the complaint fails to allege sufficient facts to establish this Court's jurisdiction over the matter. The Tucker Act, 28 U.S.C. § 1346, grants the district courts concurrent jurisdiction with the Federal Claims Court only over contract claims that do not exceed $10,000. The allegation that the Fourteenth Amendment was violated by the USDA also does not provide a basis for jurisdiction as the Fourteenth Amendment addresses state action, not federal action.

Further, given the allegations that the USDA has misled the Court, it may be that Hicks's claims were already adjudicated by another court. A second law suit that asserts the same claims that have been finally adjudicated by a court would be frivolous. As to the other allegations related to the subsidy program and change of loan terms, there simply is not enough information to establish a facially viable claim.

Hicks's complaint fails to establish a basis for this Court's jurisdiction and is frivolous. The Court, therefore, **RECOMMENDS**:

1.      The [6] motion to proceed *in forma pauperis* be denied.

2.      The complaint be dismissed as frivolous.

3.      The Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 20, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

-10-