**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WILLIAM M. HICKS, JR.,**
                                        **Plaintiff,**

-vs-                                                                    **Case No.  6:06-cv-1622-Orl-19JGG**

**USDA R. HOUSING,**
                                        **Defendant.**

_____

## ORDER

This case comes before the Court on the following:

1.      The Report and Recommendation of the United States Magistrate Judge on

        Plaintiff William M. Hick Jr.'s Application to Proceed *In Forma Pauperis*.  (Doc.

        No. 8, filed Nov. 20, 2006); and

2.       Plaintiff William M. Hick Jr.'s Motion of Rebuttal to Report and

        Recommendation.  (Doc. No. 9, filed Dec. 11, 2006).

**Background**

*Pro se* plaintiff, William M. Hicks, filed a Complaint against the United States Department

of Agriculture ("USDA") and Motion to Proceed *In Forma Pauperis* on October 17, 2006.  (Doc.

Nos. 1-2, filed Oct. 17, 2006).  On October 18, the Magistrate Judge denied Plaintiff's Motion to

Proceed *In Forma Pauperis* without prejudice because Plaintiff failed to submit the required

information to evaluate his financial status and because the Complaint "faile[d] to establish a basis

for federal jurisdiction and appeare[d] frivolous." (Doc.  No. 5, pp. 8-9, filed Oct. 18, 2006).  The

Magistrate Judge ordered Plaintiff to submit an Amended Complaint before November 14, 2006 or

else his case would be dismissed.  (*Id.* at p. 9)  On November 7, 2006, Plaintiff submitted a second

Motion to Proceed *In Forma Pauperis*, but Plaintiff never submitted an Amended Complaint. (Doc.

No. 6, filed Nov. 7, 2006; *see* Doc. No. 8, filed Nov. 20, 2006). Consequently, the Magistrate Judge

issued a recommendation that Plaintiff's Motion to Proceed *In Forma Pauperis* be denied and his

Complaint be dismissed as frivolous because the allegations in the Complaint did not show a basis

for subject matter jurisdiction. (Doc. No. 8, filed Nov. 20, 2006).

### Standard of Review

Pursuant to 28 U.S.C. § 1915, the District Courts are required to conduct an initial screening

of civil complaints filed *in forma pauperis*. The District Court is authorized to "dismiss the case if

the court determines that . . . the action or appeal is (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### Analysis

The District Court is a court of limited jurisdiction. U.S. Const., art. III, § 2. Subject matter

jurisdiction must be affirmatively shown before the District Court considers the merits of any case.

*See Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

The record in the case fails to affirmatively indicate a basis for subject matter jurisdiction.

Plaintiff's Complaint alleges that Defendant USDA "mislead the court" in thinking that Plaintiff and

his family failed to make certain loan payments. (Doc. No. 1, p. 2). Plaintiff also alleges Defendant

USDA's actions violate the Fourteenth Amendment of the United States Constitution because it

changed his loan from a "FM HA R Housing Loan" to a conventional loan without his consent.

(Doc. No. 1, p. 3). By its own terms the Fourteenth Amendment applies to state actors, not federal

actors such as the USDA. *Ward v. Comm'r Internal Revenue*, 608 F.2d 599, 601 (5th Cir. 1979)

("[T]he Fourteenth Amendment applies only to state, and not to federal, action.)  Therefore, the Complaint does not state a claim under the Fourteenth Amendment against the USDA.

The specific relief Plaintiff is requesting is unclear, but the facts of the Complaint indicate no other basis for federal jurisdiction.  When a basis for subject matter jurisdiction cannot be discerned from the allegations of the Complaint, the Court is unable to exercise jurisdiction to consider the merits of the case.  *See Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Magistrate Judge gave Plaintiff a chance to amend his Complaint to allege a basis for subject matter jurisdiction and warned Plaintiff that failure to comply would result in his Complaint being dismissed.  (Doc. No. 5, pp. 8-9).  Plaintiff failed to comply with the Court's order.  (Doc. No. 8, p. 2).  Because the Complaint does not allege subject matter jurisdiction it must be dismissed.

## Conclusion

The Court **OVERRULES** Plaintiff's Objections (Doc. No. 9).  The Court **ADOPTS** and **AFFIRMS** the Report and Recommendation of the Magistrate Judge (Doc. No. 8). Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 6) is denied.  Plaintiff having had the opportunity to amend his complaint and having failed to do so, Plaintiff's Complaint (Doc. No. 1) is dismissed.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on December 14, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party